# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**MICHAEL NEALY,**            *

    **Petitioner,**           *

**v.**                         *    **Civ. No. DLB-23-467**

**WARDEN OF MCTC,** *et al.*,  *

    **Respondents.**          *

## MEMORANDUM AND ORDER

On February 17, 2023, Michael Nealy, a state prisoner who is currently confined at Maryland Correctional Training Center ("MCTC") in Hagerstown, Maryland, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF 1. Nealy claims that the Commonwealth of Virginia lodged a detainer against him in 2015 for a violation of probation but never served the capias and did not dispose of the violation of probation charge within 60 days of lodging the detainer, as Nealy insists Virginia law requires. *Id.* at 1, 5. He contends that Virginia's failure to do so has caused his Maryland sentence "to be more onerous due to the secret detainer status." *Id.* at 5. On April 24, 2023, the respondents filed a limited answer in which they argue that the petition should be dismissed or transferred to the United States District Court for the Eastern District of Virginia. ECF 6, at 4. For the reasons discussed below, the Court transfers this matter to the Eastern District of Virginia.

Section 2241 permits a prisoner of one state to challenge the validity of a detainer issued against him by another state. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 488–93 (1973). In these circumstances, the challenge is to the prisoner's future confinement, which is "a form of 'custody' other than [their] present physical confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004). Therefore, "the proper respondent [is] not the prisoner's immediate physical

custodian (the . . . warden [where they are imprisoned]), but [is] instead the [state] court in which the detainer was lodged." *Id. Cf. id.* at 435 (noting that a § 2241 petitioner who challenges their present physical confinement must file their petition in their district of confinement, and "the proper respondent is the warden of the facility where the prisoner is being held"); 28 U.S.C. § 2242 (stating § 2241 petitioner must address their petition to "the person who has custody over him").

If this Court determines it lacks jurisdiction over a § 2241 petition, it must dismiss the petition or transfer it to a court that has jurisdiction. Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* 28 U.S.C. § 2254, Rule 4; *id.*, Rule 1 (stating district courts have the discretion to apply Rule 4 to § 2241 habeas petitions). Alternatively, the court "may transfer the application for hearing and determination to the district court having jurisdiction to entertain it." 28 U.S.C. § 2241(b).

The respondents argue that Nealy has named the wrong custodian and filed in the wrong court because the contested detainer and capias were filed and issued by Virginia. ECF 6, at 10. The Court agrees. Nealy attacks the validity of the detainer lodged against him by the Commonwealth of Virginia. ECF 1. Therefore, the proper respondent is not Nealy's immediate custodian in Maryland, but "the entity or person who exercises legal control" with respect to the detainer in Virginia. *See Braden*, 410 U.S. at 493–500 (concluding that the § 2241 petitioner was not contesting the validity of his confinement in Alabama, but instead, was challenging a detainer lodged against him in Kentucky state court and, thus, the petitioner was "in custody" in Kentucky and the proper respondent was the Kentucky state court).

Insofar as this Court has "concurrent habeas corpus jurisdiction" over Nealy's claims, transfer is still proper. *See Braden*, 410 U.S. at 499 n.15. In *Braden*, the Supreme Court noted that the district court in the district where the petitioner is confined "will not in the ordinary case prove as convenient as the district court in the State which has lodged the detainer." *Id.* "In such a case, the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of prisoner's attack on the detainer." *Id.* at 498–99. Thus, "[w]here a prisoner brings an action in the district of confinement attacking a detainer lodged by another State, the court can, of course, transfer the suit to a more convenient forum." *Id.* at 499 n.15 (citing 28 U.S.C. § 1404(a)).

Therefore, in the interest of justice, this action will be transferred to the Eastern District of Virginia. *See* 28 U.S.C. § 1404(a); *Braden*, 410 U.S. at 499 n.15; *see also* 28 U.S.C. § 1631 (stating that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed").

Accordingly, it is this 3rd day of May, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Clerk SHALL INCLUDE a copy of this Memorandum and Order and TRANSFER this case to the United States District Court for the Eastern District of Virginia for all further proceedings as may be deemed appropriate by that Court;

2. The Clerk SHALL CLOSE this case; and

3. The Clerk SHALL PROVIDE a copy of this Memorandum and Order to Nealy and counsel for respondents.

_____
Deborah L. Boardman
United States District Judge