IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| MICHAEL NEALY<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF MCTC,<br><br>and<br><br>COMMONWEALTH OF VIRGINIA<br><br>Respondents. | Case No. 2:24-cv-291 |

**OPINION & ORDER**

Before the Court is Michael Nealy's *pro se* Objection to the Magistrate Judge's Report and Recommendation. ECF No. 23. For the reasons stated herein, the petitioner's Objection will be **OVERRULED**, and the Report and Recommendation (ECF No. 22) will be **ADOPTED WITH MODIFICATIONS**.[1]

**I.     BACKGROUND**

On June 30, 2011, in the Circuit Court for the City of Alexandria, Virginia, the petitioner pleaded guilty to possession of cocaine. ECF No. 1 at 1; ECF No. 1-1 at 2. He was sentenced to three years of imprisonment, with all but credit for time served suspended, conditioned upon one year of supervised release. ECF No. 1 at 1. In 2013,

---

[1] The Court has considered the arguments in the petitioner's brief and concluded there is no need to hold a hearing on the Objection. *See* Fed. R. Civ. P. 78(b); E.D. Va. Civ. R. 7(J).

the Commonwealth of Virginia filed a motion to revoke the suspended sentence and issue a warrant for the petitioner's arrest for violating the conditions of his suspension by incurring a new conviction for possession of cocaine. ECF No. 1-1 at 2.

On July 17, 2015, the Commonwealth lodged a detainer against the petitioner with the Maryland Correctional Training Center ("MCTC"), where he was serving a 30-year sentence for second-degree murder. ECF Nos. 1 at 5, 1-1 at 5; *State of Maryland v. Nealy*, No. CT120051X (Md. Cir. Ct). The petitioner alleges the Commonwealth told the Warden of MCTC not to serve the warrant. ECF No. 1 at 5.

On February 17, 2023, the petitioner filed a petition for a writ of habeas corpus ("Petition") in the United States District Court for the District of Maryland. ECF No. 1. The District of Maryland transferred the action to this Court because it determined that it did not have jurisdiction over "the contested detainer and [warrant], [which] were filed and issued by Virginia." ECF Nos. 8 (transfer), 7 at 2 (Memorandum and Order). The petitioner asserts that the Commonwealth (1) denied him due process by failing to dispose of the probation violation report within 60 days of lodging the detainer and (2) deliberately caused his sentence "to be more onerous due to the secret detainer status." ECF No. 1 at 5.

On August 14, 2024, the Commonwealth filed a motion to dismiss the warrant and probation violation in the Circuit Court, stating that the petitioner is "serving a 30-year sentence for a 2013 murder conviction" and that the probation violation "has been pending for more than 10 years." ECF No. 17-1 at 1.

2

## II. LEGAL STANDARD

When a party files a written objection to a magistrate judge's R&R, the district court must determine *de novo* "those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In completing *de novo* review, the Fourth Circuit instructed that

> a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate. By definition, *de novo* review entails consideration of an issue as if it had not been decided previously. It follows, therefore, that the party entitled to *de novo* review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate. The district court cannot artificially limit the scope of its review by resort to ordinary prudential rules, such as waiver, provided that proper objection to the magistrate's proposed finding or conclusion has been made and the appellant's right to *de novo* review by the district court thereby established.

*Id.* (emphasis removed). Based on the outcome of the *de novo* review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

The petitioner objects to three issues not discussed in the R&R—(1) timeliness of the Commonwealth's Motion to Dismiss, ECF No. 23 at 2; (2) the status of the warrant, originally raised in the Petition, ECF No. 1 at 5; and (3) exhaustion of state remedies, originally raised in the Commonwealth's Motion to Dismiss, ECF No. 17 at 4–5. The petitioner properly objected to all three issues and, accordingly, the Court addresses them each below.

### A.     Timeliness of the Motion to Dismiss

The petitioner objects to the R&R's conclusion on the grounds that the Commonwealth filed a response to the Petition after the filing deadline. ECF No. 23 at 2; *see* ECF No. 16 (Motion to Dismiss). The Court construes this as an argument that the Commonwealth's Motion to Dismiss should not be considered. *See* ECF No. 23 at 1 (asserting that the Court "now lacks the jurisdiction to dismiss" the petition). Initially, the Honorable Robert J. Krask ordered the Commonwealth to respond to the Petition by June 21, 2024. ECF No. 9. When this deadline expired, the court issued an Order requiring the Commonwealth to show cause by August 16, 2024, why an answer was not filed by the original deadline. ECF No. 10. The Commonwealth timely responded to the show cause Order and simultaneously filed a motion for extension of time to file responsive pleadings, explaining that it missed the deadline "due to an accidental administrative error" in which "personnel checking the habeas email box inadvertently did not recognize the existence of the initial Order." ECF No. 13 ¶ 4; ECF No. 14 ¶ 4. Finding good cause to excuse filing a late response, Judge Krask issued an order granting the Commonwealth an extension to September 16, 2024. ECF No. 15. The Commonwealth responded with a Motion to Dismiss on September 12, 2024. ECF No. 16.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(2); *see United States v. Ragin,* 113 F.3d 1233, 1 (4th Cir. 1997) (unpublished table opinion) ("Rule 6(b)(2)

4

permits a court to exercise its discretion to order an extension even after the expiration of a specified time period, but only for 'cause shown' and if the failure to act in a timely fashion was the result of excusable neglect."); *Agnew v. United Leasing Corp.*, 680 F. App'x 149, 155 (4th Cir. 2017) (unpublished) ("A . . . court may extend a deadline for good cause if the party can show that the delay was 'because of excusable neglect.'").

The petitioner is correct that the Commonwealth missed the original deadline, but it is within the court's discretion to grant additional time to respond. A filing beyond a deadline is permitted where, as here, a court finds good cause to allow it. Based on the Commonwealth's representations in its request for an extension, Judge Krask found good cause to extend the deadline. Accordingly, the Commonwealth responded within the court's deadline by filing a motion to dismiss, and so the response can be properly considered.

### B.   Relief from a Future Warrant or Detainer

In his Objection, the petitioner also requests that the Commonwealth "not be allowed another opportunity to attempt to have the capias and probation violation restored." ECF No. 23 at 3. The Court understands this request to reference "the secret detainer status" that made the petitioner's sentence "more onerous," which the petitioner explained in the original Petition. ECF No. 1 at 5. Based on the record before the Court, the Court only knows of one supervised release violation—for possession of cocaine occurring in 2013, brought by the Commonwealth—and that alleged violation has been dismissed. ECF No. 17-2.

5

If the petitioner is subject to a pending supervised release violation besides the one the Commonwealth dismissed, he should submit another petition, in the court where the violation petition would be filed, include information on the detainer or warrant at issue and how it is making his incarceration "more onerous." ECF No. 1 at 5. The petitioner may attach this Opinion and Order to such a future petition, if it would be helpful in explaining his circumstances.

If instead the petitioner is still experiencing effects at MCTC of a detainer associated with the supervised release violation discussed herein, notwithstanding the Commonwealth's dismissal of the violation petition, then the petitioner may file a new habeas petition in the District of Maryland. The petitioner may attach this Opinion and Order, if it would assist in explaining why the Maryland court might have jurisdiction over that issue.

There is a third possibility: If the petitioner is simply concerned about the possibility that the Commonwealth may *in the future* file a supervised release violation petition on the same basis as the now-dismissed Petition, then the petitioner must wait until such a future petition is filed before he can seek relief. This is because the law only allows courts to decide issues that are "ripe"—or, put simply, issues that exist now. If there is no longer any supervised release violation report pending against the petitioner, and MCTC has properly removed the detainer associated with the now-dismissed Petition, then there is no ripe controversy for the Court to adjudicate.

6

## C.     Exhaustion

The petitioner also objects to the R&R on the basis that because neither the Commonwealth's Motion to Dismiss (ECF Nos. 16, 17), the Circuit Court's Order dismissing the detainer (ECF No. 17-2), nor the R&R (ECF No. 22) reference an exhaustion requirement, this Court should not dismiss the Petition on exhaustion grounds. The Court does not rely on exhaustion to dismiss the Petition.

Now that the Commonwealth has dismissed the supervised release violation that was the source of the petitioner's problem at MCTC, there is nothing left for the Court to do. That concept, called "mootness," was the basis for the magistrate judge's recommendation—and the reason the R&R did not discuss exhaustion. Likewise, this Court will not decide the question of exhaustion. Whether the petitioner fulfilled the exhaustion requirement or not, he has gotten the relief he sought—dismissal of the supervised release violation. Therefore, the Petition is now moot. Because the Court must dismiss the Petition as moot, it does not need to decide whether the petitioner exhausted his state court remedies.

## IV. CONCLUSION

Based on a *de novo* review of the issues to which the petitioner objected, the Objection (ECF No. 23) is **OVERRULED**. The Report and Recommendation (ECF No. 22) is **ADOPTED WITH MODIFICATIONS**, the Commonwealth's Motion to Dismiss (ECF No. 16) is **GRANTED**, and the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** as **MOOT**.

It is **ORDERED** that judgment be entered in favor of the Commonwealth.[2]

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to the petitioner.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
April 22, 2025

---

[2] Though the word "judgment" in the ordinary sense suggests a decision in favor of one party and against another, in this context its meaning is merely administrative. The Court has not ruled against the petitioner here. It has merely concluded that the petitioner already received everything he requested that the Court would be able to give. When an issue is moot—like when the petitioner has gotten all the relief he asked for—there is nothing to order the respondent to do. Administratively, that results in 'judgment' for the respondent.

8